**STATE ex PRICE v FARNSWORTH et**

Ohio Appeals, 6th Dist, Lucas Co

No 2710. Decided Oct 5, 1932

Hunt & Stickney, Toledo, for plaintiff.
Carl J. Christensen, Prosecuting Attorney, Toledo, Wm. H. McLellan, Jr., Toledo, Dewitt Fisher, Toledo, Paul J. Ragan, Toledo, and Edward Lamb for defendants.

KLINGER, J (3rd Dist), sitting for LLOYD, J (6th Dist).

BY THE COURT.

The evidence discloses that the voters of Lucas County authorized a bond issue of about half a million dollars to be used for the building of new roads and the repair of existing roads. This did not give carte blanche authority to the commissioners to use the money arbitrarily, either in building new roads or in repairing existing roads, but a sound discretion must be exercised by them in expending the money and the fund, of course, can only be used for the purposes for which it was raised. The construction of the nine roads involved in this litigation will exhaust all of the fund raised and leave existing roads substantially without any repair.

The evidence shows that many existing improved roads in Lucas County are sadly in need of repair and if repairs are not made, certain of them will become in exceedingly bad condition. Approximately $150,000.00 a year is shown to be necessary to keep existing roads in reasonable repair. The commissioners may not grossly abuse the power invested in them in expending the fund provided by the vote of the people. The average cost of constructing the new roads as planned by the commissioners is greatly in excess of $20,000.00 a mile. Under the evidence it appears that some of the roads involved can be repaired and put in good condition for a small fraction of the amount proposed to be expended. For instance, it is manifest that the Corduroy Road could be repaired at a very small expense, so as to make of it a good road which would last until long after the present depression is over. The territory adjacent to at least one of the roads, the Cressy Road, is very sparsely populated, except at one point, there being only a few houses along the remainder of the seven miles of its length. Considering the nine roads, it is clear that they could be put in good condition for travel by the expenditure of only a small part of the amount proposed to be used.

Nearly all of these roads are cross roads, while many of the roads which are in condition demanding repair are main thoroughfares, having much traffic. To construct all the roads which it is proposed to construct would exhaust the entire fund which has been raised and leave nothing from this fund for the repair of existing roads.

On the whole evidence the court is convinced that to construct these roads at the present time, under the present plan, by expending large sums of money on roads where small amounts would render them reasonably fit for travel for a long time to come, and allowing existing roads to go to ruin, amounts to a gross abuse of discretion on the part of the county commissioners and should be enjoined.

Decree for plaintiff.

KLINGER, RICHARDS and WILLIAMS, JJ, concur.